CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2008

JOHN F. CORCORAN, CLERK
BY: /s/ S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID JAMES BARROW, ) | |
| Plaintiff, ) | Civil Action No. 7:08-CV-00525 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TRACY RAY, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff David James Barrow, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Barrow alleges that defendants have violated his constitutional rights by housing him in the special housing unit. The court finds that Barrow's complaint fails to state a claim upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Barrow claims that since his arrival at Red Onion State Prison, he has been held in the special housing unit and is not afforded the same privileges and rights as prisoners in general population. As relief, Barrow seeks transfer to a field unit or road camp "close to the Town of Waverly."

II.

To the extent Barrow claims that his confinement in segregation constitutes a violation of his due process rights afforded under the Fourteenth Amendment, it fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Barrow's allegations regarding his assignment to the special housing unit fail to state a due process claim.

### III.

To the extent Barrow's allegations can be construed as a claim that his assignment to the segregation unit amounts to cruel and unusual punishment in violation of the Eighth Amendment, it also fails. To establish an Eighth Amendment living conditions claim, Barrow must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While segregation conditions may be inconvenient and uncomfortable, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. See In re Long Term Admin. Segregation of Inmates Designated as Five Percenters ("In re Five Percenters"), 174 F.3d 464, 471-72 (4th Cir. 1999) (long-term placement in segregation or maximum custody is not cruel and unusual punishment; indefinite duration of the segregation does not render it unconstitutional). Nor has Barrow demonstrated that because of the conditions, he has sustained a serious or significant injury

2

or is at risk of a future injury. Therefore, he has failed to state a living conditions claim under the Eighth Amendment.

IV.

Finally, to the extent Barrow argues that his placement in the special housing unit violates his right to equal protection because he is "not afforded the same privileges and rights as prisoners in general population," it also fails. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. Id. However, vague and conclusory allegations are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (per curiam); Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974). In this case, Barrow fails to allege, much less demonstrate, either of the Morrison requirements, and thus, he has failed to state a cognizable equal protection claim.

V.

Based on the foregoing, Barrow's claims are dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 29th day of September, 2008.

United States District Judge